UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA S. FIERRO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>　　　　Defendant. | No.  EDCV 06-270-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On March 15, 2006, Priscilla S. Fierro ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of her application for disability insurance benefits. On April 5, 2006, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On August 28, 2006, defendant filed an Answer to Complaint. On November 15, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On December 15, 2003, plaintiff filed an application for disability insurance benefits. (Administrative Record ["AR"] at 55-57). Plaintiff alleged that, beginning on May 15, 2001, she was unable to work because she suffered from impairments in her neck, back, wrists, and ankles, in addition to her inability to stand or sit for very long. (AR at 74). The Commissioner denied plaintiff's application for benefits initially and upon review. (AR at 21-26, 28-32).

On September 14, 2004, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 36). On September 19, 2005, the ALJ conducted a hearing in San Bernardino, California. (AR at 340-56). Plaintiff appeared at the hearing with counsel and testified. (AR at 343-50). Lowell Sparks, M.D., a medical expert, and David Rinehart, a vocational expert, also appeared and testified. (AR at 350-54, 354-55).

On December 2, 2005, the ALJ issued her decision denying benefits. (AR at 12-20). In her decision, the ALJ concluded that plaintiff suffered from severe impairments of cervical disc disease with osteophyte formation at C4-5, C5-6, and C6-7; degenerative disc disease of the lumbar spine at L5-S1; chronic sprain of both ankles and wrists; and possible carpal tunnel syndrome. (AR at 19). The ALJ, however, found that these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ then determined that, while plaintiff was unable to perform any of her past work, she retained the residual functional capacity to perform a significant range of light work, including work as a parking

lot attendant, information clerk, and assembler of small products. (AR at 20). Ultimately, the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

On December 12, 2005, plaintiff filed a timely request with the Appeals Council for review of the ALJ's decision. (AR at 8). On February 17, 2006, the Appeals Council affirmed the ALJ's decision. (AR at 5-7).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1. The ALJ failed to properly consider the opinions of plaintiff's treating physicians.

2. The ALJ failed to properly evaluate plaintiff's credibility.

3. The ALJ failed to properly consider the impact of plaintiff's medications and their side effects on her ability to maintain employment.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

///

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

**A.    The Sequential Evaluation**

The Commissioner has established a five-step sequential process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (1991); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). At step one, disability benefits are denied if the Commissioner determines that the claimant is engaged in substantial gainful activity. Bowen, 482 U.S. at 140. At step two, the Commissioner evaluates whether the claimant has a medically severe impairment which significantly limits his physical or mental ability to do basic work activities. Id. at 140-41. Step three requires a consideration of whether the claimant's impairment is equivalent to one of a number of listed impairments that are so severe as to preclude substantial gainful activity. Id. at 141. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Id. If the impairment is not one that is conclusively presumed to be disabling, step four of the evaluation determines whether the impairment prevents the claimant from performing work he has performed in the past. Id. If the claimant cannot perform his past work, the fifth and final step determines

4

whether he is able to perform other work in the national economy in light of his age, education and work experience. Bowen, 482 U.S. at 142. The claimant is entitled to disability benefits only if he is not able to perform such work. Id.

**B.    The ALJ's Consideration of Plaintiff's Treating Physicians' Opinions**

Plaintiff contends that the ALJ failed to properly consider assessments of disability from plaintiff's treating physicians. Instead, the ALJ relied on the assessment of a medical expert and opined that plaintiff was capable of performing light work. Plaintiff contends that the ALJ's failure to provide significant and legitimate reasons for rejecting the opinions of treating physicians in favor of a medical expert constitutes error.

Plaintiff cites to two instances where her treating physicians opined disability. In an Employment Development Department form dated March 28, 2005, Herminia Q. Verde, M.D., an internist, opined that plaintiff's chronic low back pain rendered her disabled and unable to work. (AR at 338). Another treating physician, Mark W. Brown, M.D., an orthopedist, completed the same form on March 31, 2005 and found plaintiff unable to work due to her "continuous pain." (AR at 339). In her decision, the ALJ rejected the assessments of Drs. Verde and Brown because the disability assessments were not supported by any objective findings, clinical signs, or treatment records. (AR at 16-17). Furthermore, the ALJ noted that while Drs. Verde and Brown indicated that plaintiff could not do her regular work, their assessments gave no indication of plaintiff's ability to do other work that exists in the national economy. (AR at 17).

///

1     Instead, the ALJ gave weight to the opinion of the testifying
2 medical expert, Dr. Sparks. (AR at 15). At the September 19, 2005
3 hearing, Dr. Sparks reviewed the medical findings in the record and
4 limited plaintiff to lifting and carrying twenty pounds occasionally
5 and ten pounds frequently; standing or walking for six hours in an
6 eight-hour workday; sitting six hours in an eight-hour workday with a
7 change of position hourly for two to three minutes; occasional
8 repetitive gripping and torquing with both hands; no ladder, rope, or
9 scaffold climbing; occasional ramp or stair climbing; occasional
10 stopping and crouching; and no use of vibrating tools. (AR at 352-
11 53). Dr. Sparks also noted that plaintiff had a low grip strength.
12 (AR at 353). The ALJ adopted the residual functional capacity
13 assessed by Dr. Sparks. (AR at 16).
14     The opinions of treating physicians are given substantial weight.
15 See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991)
16 (attributing substantial weight to treating physician's opinion that
17 plaintiff was not disabled); see also Phoe Shalala, 1994 WL 808132, *3
18 (S.D. Cal. Dec. 6, 1994) ("[Plaintiff's treating physician] found that
19 plaintiff was neither physically nor mentally disabled. His opinion
20 is entitled to 'substantial weight.'") (citations omitted). "[W]here
21 the opinion of the claimant's treating physician is contradicted, and
22 the opinion of a nontreating source is based on independent clinical
23 findings that differ from those of the treating physician, the opinion
24 may itself be substantial evidence; it is then solely the province of
25 the ALJ to resolve the conflict." Andrews v. Shalala, 53 F.3d 1035,
26 1041 (9th Cir. 1995).
27 ///
28 ///

6

An ALJ should afford less weight to a non-examining physician's opinion than to a treating physician's opinion. See Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990)("[T]he conclusion of a non-examining physician is entitled to less weight than the conclusion of an examining physician."). Standing alone, a non-examining physician's opinion cannot constitute substantial evidence to reject a treating physician's opinion. See Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.") (emphasis in original). In order to reject the testimony of a treating physician in favor of a non-examining physician, the ALJ must give specific, legitimate reasons that are supported by substantial evidence in the record. Id. (quoting Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)). Thus, the relevant inquiry is whether the ALJ offered specific and legitimate reasons, supported by substantial evidence in the record, for adopting the non-examining opinion of the medical expert.

**1. Objective Evidence**

In her decision, the ALJ rejected the assessments of the treating physicians, in part, because they were not supported by the objective findings or treatment record. (AR at 17). A treating physician's opinion is not conclusive as to either functional limitations or the ultimate issue of disability. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The proper weight that an ALJ should give to a treating physician's opinion depends on whether sufficient data supports the opinion and whether the opinion comports with other evidence in the record. See 20 C.F.R. §§ 404.1527, 416. 927.

1     The Ninth Circuit permits an ALJ to rely on an absence of
2 objective findings to reject a treating physician's opinion. <u>Johnson</u>
3 <u>v. Shalala</u>, 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical
4 findings provide specific and legitimate basis for ALJ to reject
5 treating physician's opinion); <u>Buckhart v. Bowen</u>, 856 F.2d 1335, 1339
6 (9th Cir. 1988) (proper to disregard uncontroverted treating
7 physician's opinion when he fails to provide objective descriptions of
8 medical findings); <u>cf.</u> <u>Embrey v. Bowen</u>, 849 F.2d 418, 421 (9th Cir.
9 1988) (improper to reject treating physician's opinion where he
10 provided at least some objective observations and laboratory and x-ray
11 testing in addition to subjective opinions).

12     Contrary to the ALJ's conclusion that Dr. Brown's assessment
13 lacked any objective evidence, the Court finds that his assessment was
14 supported by extensive treatment records from September 20, 2001
15 through February 12, 2004. (AR at 175-288). On September 27, 2001,
16 Dr. Brown completed a Primary Treating Physician's Initial Report,
17 whereby he completed an extensive treatment history; conducted
18 extensive examinations of plaintiff's cervical spine, shoulders, upper
19 extremities, lumbar spine, and bilateral feet and ankles; and
20 reviewed x-ray studies and medical records. (AR at 273-85).
21 Thereafter, Dr. Brown conducted periodic examinations of plaintiff on
22 November 15, 2001, January 31, 2002, March 14, 2002, April 25, 2002,
23 June 13, 2002, August 1, 2002, September 12, 2002, October 24, 2002,
24 December 3, 2002, January 16, 2003, March 3, 2003, April 10, 2003, May
25 22, 2003, July 3, 2003, August 14, 2003, September 25, 2003, November
26 6, 2003, December 18, 2003, and February 12, 2004. (AR at 267-70,
27 263, 255, 248, 243, 236, 232, 230, 227, 210, 206, 202, 198, 194, 191,
28 188, 183, 180, 179, 177). After each examination, Dr. Brown completed

progress reports, whereby he reported subjective complaints, made objective findings, rendered diagnoses, recommended a treatment plan, and assessed plaintiff's ability to return to work based on his examination. (AR at 177, 179, 180, 183, 188, 191, 194, 198, 202, 206, 210, 227, 230, 232, 236, 243, 248, 255, 263, 267-70). In all progress reports, excluding the February 12, 2004 report, Dr. Brown determined that plaintiff was unable to return to work. (Id.). In addition to Dr. Brown's examinations of plaintiff, on December 9, 2002, James I. Rho, M.D., completed an Initial Comprehensive Interventional Pain Management Consultation of plaintiff for Dr. Brown. (AR at 218-26). In his report to Dr. Brown, Dr. Rho conducted extensive testing of plaintiff's cervical spine and upper extremity and lumbar spine. (AR at 222-23). Thus, the ALJ erred in determining that objective evidence and treatment records did not exist to support Dr. Brown's determination on March 31, 2005, that plaintiff was disabled. (AR at 339). Accordingly, the Court finds that the ALJ failed to give specific, legitimate reasons for rejecting the assessment of Dr. Brown in favor of the medical expert.

With respect to Dr. Verde's assessment, the Court found no treatment records to support her assessment that plaintiff was disabled. Nevertheless, an ALJ may not reject a treating physician's opinion for lacking supporting clinical data or explanation without first re-contacting the physician to determine whether such supporting clinical data exists. In particular, 20 C.F.R. 404.1512(e)(1), in pertinent part, states:

> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we

>need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, <u>the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques</u>.

20 C.F.R. 404.1512(e)(1) (emphasis added).  Thus, unless the ALJ complies with her duty to re-contact the treating physician, the ALJ cannot validly cite a lack of clinical data or explanation to reject the treating physician's opinion.  See <u>Cleveland v. Apfel</u>, 99 F. Supp. 2d 374, 380 (S.D.N.Y. 2000) (remanding case to ALJ for failure to re-contact treating physician before rejecting opinion and stating, "When the opinion submitted by a treating physician is not adequately supported by clinical findings, the ALJ must attempt, <u>sua sponte</u>, to develop the record further by contacting the treating physician to determine whether the required information is available"); <u>see also</u> <u>Corey v. Barnhart</u>, 2002 WL 663130, at *5 (S.D. Ind. March 14, 2002) ("The ALJ discredited Dr. Ciulla's opinion because of the lack of objective findings, and there is no indication in the record that the ALJ recontacted Dr. Ciulla to find out whether he had any findings or other information to support his opinion.  The ALJ's failure to do so was error.").

Here, there is nothing in the record that shows the ALJ attempted to re-contact either Dr. Verde or Dr. Brown regarding their lack of objective or clinical findings.  As such, the ALJ erred in rejecting both treating physicians' opinions based on the lack of objective

10

findings or treatment records without first re-contacting the physicians.

### 2. Plaintiff's Ability to Perform Other Work

The ALJ also contends that while Drs. Verde and Brown opined that plaintiff could not return to her work at the time, there is nothing to indicate that plaintiff could not return to other work in the national economy. (AR at 17). In the forms completed by the treating physicians, both physicians opined that plaintiff's "present condition or impairment prevents [] her from returning to regular and customary work." (AR at 338, 339). Dr. Verde cited plaintiff's "chronic low back pain" and Dr. Brown cited plaintiff's "continuous pain" as the bases for their assessments. (Id.). Thus, the basis for both assessments involve plaintiff's pain. If the ALJ questioned plaintiff's ability to return to work, she should have re-contacted the treating physicians for clarification. Thus, the Court finds the ALJ's reason for rejecting the assessments of Drs. Verde and Brown was not supported by substantial evidence.

### C.   Reversal and Remand is Appropriate

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Id; see also Rodriquez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Gamble v. Chater, 68 F.3d 319, 322-23 (9th Cir.

1995), where the record has been fully developed, see Schneider v. Commissioner of the Social Security Administration, 223 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993), or where remand would unnecessarily delay the receipt of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

In this case, the Court finds remand appropriate. On remand, the ALJ must give specific and legitimate reasons for rejecting the assessments of disability given by plaintiff's treating physicians.[1]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: January 25, 2007

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[1] In the Joint Stipulation, plaintiff also claims that the ALJ failed to properly evaluate plaintiff's credibility and properly consider the impact of plaintiff's medications on her ability to maintain employment. As explained above, however, the ALJ's failure to give specific and legitimate reasons for rejecting the assessments of plaintiff's treating physicians in favor of a medical expert constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.